**Robert S. SOMERVILLE, Plaintiff,**

**v.**

**MAJOR EXPLORATION, INC., Major Drilling, Inc., United American Energy, Inc., Robert J. Tonachio, Rea J. Tonachio, Gerald P. Murphy, Thomas F. Murphy, Michael W. McCown, Charles J. Parks, Frank W. Hall, Fittin, Cunningham & Lauzon, Inc., Joseph Lauzon, Thomas Fittin, Arnheim & McCostis, Robert M. Hurwitz, O.L. Walter Co., Lanny R. Freeman, Freeman Energy, Inc., Freeman Exploration, Inc., William J. Kabboord, Curtis D. Robert, and All State Energy, Inc., Defendants.**

No. 82 Civ. 7328.

United States District Court,
S.D. New York.

May 4, 1984.

Kass, Goodkind, Wechsler & Labaton, New York City, for plaintiff; John Steel, Stuart D. Wechsler, Joseph H. Weiss, New York City, of counsel.

Hugh L. Scott, Jr., San Antonio, Tex., for defendants Major Exploration, United American Energy, Inc., Major Drilling, Inc., Robert J. Tonachio, Rea J. Tonachio, Michael W. McCown, Gerald P. Murphy, Thomas F. Murphy and Frank W. Hall.

D'Amato & Lynch, New York City, for defendant Arnheim & McCostis; Robert E. Meshel, New York City, of counsel.

McPherson & Blevins, Kingston, Tenn., for defendant Charles J. Parks; Jack H. McPherson, Jr., Kingston, Tenn., of counsel.

Torre & Garman, East Rutherford, N.J., for defendants Fittin, Cunningham & Lauzon, Inc., Thomas Fittin and Joseph Lauzon; Harry L. Garman, East Rutherford, N.J., of counsel.

Arnoff & Merin, New York City, for defendant O.L. Walter & Co.; Norman B. Arnoff, New York City, of counsel.

Lanny R. Freeman, pro se.

Owen & Fennell, New York City, for defendant Curtis B. Robert.

ROBERT L. CARTER, District Judge.

Plaintiff, Robert Somerville, brought this suit to recover what he claims are the millions of dollars lost by thousands of people throughout the United States as a result of investments made in three compa-

nies. He maintains that these companies, organized ostensibly for oil and gas production and exploration, inflated the price of their stock by releasing fraudulent and deceptive information. The particular misstatements and omissions on which plaintiff and the class he seeks to represent say they have relied have been detailed previously in this court's decision dismissing, in part, plaintiff's complaint for failure to claim fraud with the requisite particularity pursuant to F.R.Civ.P. 9(b) *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902 (S.D.N.Y.1983) (Carter, J.). Familiarity with that decision is assumed and the facts are reviewed here only briefly.

Plaintiff has recently filed an amended complaint. Named as defendants are three corporations: Major Exploration, Inc. ("Major"), Major Drilling, Inc. ("Major Drilling"), and United American Energy, Inc. ("United"), their officers and directors, their attorneys, Arnheim and McCostis, their accountant, O.L. Walter ("Walter"), and their underwriting firm, Fittin, Cunningham and Lauzon, Inc. ("Fittin") and its officers. Plaintiff charges all defendants with violations of section 10b and Rule 10b–5 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); §§ 11 and 17(a) of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77q; § 901 of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1961 *et seq.;* common law fraud pursuant to pendent jurisdiction; § 339–a and 352–c of the General Business Law and § 1611 of the Business Corporation Law of the State of New York. All defendants, except Walter, are also alleged to have violated §§ 12 and 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l* and 77*l* (2) and Major, Major

Drilling and United are further charged with breach of contractual duties owed to plaintiff and the class.[1]

There are two motions now before the court. Plaintiff has requested certification of a class composed of all persons (except defendants and those in privity with them) who purchased the securities of Major, Major Drilling, or United from the dates of their respective public offerings to November 4, 1982, the date the original complaint was filed.[2] Certain defendants have renewed their motions to dismiss the complaint, as amended, for failure to plead fraud with the requisite specificity under Rule 9(b).[3] The class certification motion, which is addressed first, is granted, plaintiff having met all the requirements of F.R.Civ.P. 23(a) and 23(b)(3). Defendants' motion to dismiss the amended complaint, directed at certain allegations, is denied since these have been repleaded with the requisite specificity.

## I

### Class Certification

■ Plaintiff has satisfied all elements prerequisite to class certification pursuant to Rule 23(a) and 23(b)(3).

#### a. *Numerosity*

■ Defendants press the point that the class is too ill-defined to allow a calculation of the number of potential class members and that plaintiff's mere speculation as to class size is inadequate evidence of a class sufficiently numerous to satisfy the requirement of Rule 23(a). The amended complaint sets forth the parameters of the class plaintiff seeks to represent, using as one boundary the dates of the public offer-

---

**1.** Plaintiff has dropped its claims against Robert M. Hurwitz, Larry R. Freeman, Freeman Energy, Inc., Freeman Exploration, Inc., William J. Kabboord, Curtis D. Robert, and All State Energy, Inc. Subsequent to the filing of his amended complaint, plaintiff also agreed to dismiss Frank W. Hall and Walter from this action. *See, infra,* note 15.

**2.** Defendants United, Major, Major Drilling and their officers and directors ("the Major group")

have together filed a motion in opposition to plaintiff's motion for class certification. Defendant Arnheim and McCostis has also filed a motion in opposition to· class certification. Defendant Walter has joined in this motion. Fittin and its officers join in the motions filed by both the Major group and Arnheim and McCostis.

**3.** The Major group and Fittin and its officers have moved to dismiss the amended complaint.

ings made by the three companies and, as the other, the date the complaint was filed. This outline fulfills plaintiff's obligation to define the class; to require him to identify every potential member of the class at this stage of the litigation "would make maintenance of class actions in large securities fraud cases very difficult if not impossible." *Fischer v. Kletz*, 41 F.R.D. 377, 384 (S.D.N.Y.1966) (Tyler, J.); *see* Wright and Miller, 7 *Federal Practice and Procedure*, § 1760 at 580–81 (1972).

■ Plaintiff has also satisfied Rule 23's numerosity requirement. Because of the large number of outstanding shares and common stock warrants of United and Major sold within the period specified, it is reasonable to infer that at least thousands of persons can be identified as owners of such stock.[4] In any event, no particular number is key, Wright and Miller, *supra*, § 1762 at 600, and plaintiff's failure "to state the exact number ... of the class does not militate against the maintenance of a class action." *Herbst v. Able*, 47 F.R.D. 11, 21 (S.D.N.Y.1969) (Motley, J.); *see Robertson v. National Basketball Ass'n*, 389 F.Supp. 867, 897 (Carter, J.) (S.D.N.Y.1975).[5] Other factors, such as the size of individual claims, and the location of potential class members, indicate that joinder would be impracticable in this

case. *See Leist v. Shawano County*, 91 F.R.D. 64 (E.D.Wis.1981); *Mertz v. Harris*, 497 F.Supp. 1134 (S.D.Tex.1980).

### b. Common question of law or Fact

The allegations plainly place at issue whether plaintiff has set forth a continuing fraudulent scheme on the part of defendants to inflate the price of the stock at issue through the alleged misstatements and omissions in various documents and press releases. Under Rule 23(a)(2) this is a common question of law and fact to all those who purchased during the period when the relevant information was being distributed. *Aboudi v. Daroff*, 65 F.R.D. 388, 390–91 (S.D.N.Y.1974) (Pierce, J.); *Werfel v. Kramarsky*, 61 F.R.D. 674, 680 (S.D.N.Y.1974) (MacMahon, J.).[6] Moreover, plaintiff has demonstrated common issues of law and fact concerning the existence, character and materiality of the misstatements allegedly made by defendants. *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 94 (S.D.N.Y.1981) (Edelstein, J.); *see Cameron v. E.M. Adams & Co.*, 547 F.2d 473, 476 (9th Cir.1976); *Blackie v. Barrack*, 524 F.2d 891, 903–05 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976).[7]

---

4. There are in excess of 19,000,000 issued and outstanding shares of Major, 890,000 common stock warrants of Major, in excess of 1,500,000 issued and outstanding shares of United, approximately 500,000 common stock warrants of United and numerous owners of shares in limited partnerships promoted and sold by Major, Major Drilling, and United.

   Plaintiff also identified numerous limited partnerships promoted and sold by the three companies.

5. Defendants rely on *Cannon and Feeley v. Texas Gulf Sulphur Co.*, 53 F.R.D. 216 (S.D.N.Y. 1971) (Bonsal, J.). There the plaintiffs made no showing that the proposed class was numerous, and the evidence indicated in fact that there would be very few persons within the proposed class. The evidence here is to the contrary.

6. *See also Green v. Wolf Corp.*, 406 F.2d 291 (2d Cir.1968). Discussing the "critical issue" of whether common questions to the class existed, the court wrote: "we are not unmindful of the

importance of 10b–5 class actions as a weapon against securities fraud and the wisdom of avoiding over-rigidity in blocking such suits." *Id.* at 299.

7. Among such common question of law and fact, as listed by plaintiff, are:

   a) whether defendants issued materially false, misleading, and deceptive information to the public;

   b) whether defendants pursued and are continuing to pursue a scheme to sell, manipulate and inflate the prices at which the securities of Major and United were and are traded;

   c) whether defendants made materially false, misleading and deceptive filings with governmental bodies;

   d) whether defendant Walter conducted its audits of United and Major in accordance with generally accepted auditing standards and whether it prepared and reported on their financial statements in conformity with generally accepted accounting principles; and

   e) the proper remedies.

Defendants incorrectly assert, however, that even if common issues of law and fact do exist, these are overwhelmed by individual issues of reliance and materiality and therefore, the requirements of Rule 23(b)(3) are unsatisfied. In cases where a common course of conduct by defendants can be shown, courts have been consistently unwilling to consider individual issues of materiality and reliance as matters requiring repeated demonstrations of subjective proof.

*Green v. Wolf,* 406 F.2d 291 (2d Cir. 1968), seemed to have set the tone on this issue. In that case, involving the propriety of a class action under Rule 10b–5, the reliance issue was not considered a barrier to class certification. The issue "carried to its logical end," the court noted, "would negate any attempted class action under Rule 10b–5, since ... reliance is an issue lurking in every 10b–5 action." (citation omitted). *Id.* at 301.[8] To avoid administrative difficulties, the court concluded, it was possible to require "split trials" on both the reliance and damages question.

The court in *Kane Assoc. v. Clifford,* 80 F.R.D. 402 (E.D.N.Y.1978), went further in analyzing the reliance issue. The court found that "the authorities have recognized a need to permit proof of purchase and materiality to substitute for proof of subjective individual reliance where as here, the claim is that the combined course of deception inflated the price of the stock purchased on the open market. *Blackie v. Barrack,* [*supra,*]" (other citation omitted). *Id.* at 406–07. As a result, the only individual issues remaining, the court held, were the extent of the inflation at the date of the class member's purchase, and an individual issue with regard to damages. Neither of these rendered it likely that common questions of law and fact would not predominate and, the court wrote, should not, in

and of themselves, defeat the class action. *Id.* at 407.

This court has reached the same conclusion. "As a growing number of courts have recognized," Judge Stewart concluded in *Weiss v. Drew Nat'l Corp.,* 71 F.R.D. 429 (S.D.N.Y.1976), "where plaintiff claims a continuing course of conduct and points to specific and identified documents which are alleged to contain interrelated and cumulative misrepresentations, class certification is proper." *Id.* at 430. After a more recent review of the case law, Judge Haight affirmed this position as well. *Greene v. Emerson Ltd.,* 86 F.R.D. 47, 53–59 (S.D.N.Y.1980).[9]

The contentions in plaintiff's complaint point to the existence of a single inflationary scheme. The documents and press releases on which plaintiff relied contain alleged deceptions concerning the value of property and investments held by the three companies, all implying that the companies' worth was greater than plaintiff states it was in fact. These statements cover a period of slightly over two years, a limited time span in which the companies were organized and promoted, and their securities publicly offered.

Moreover, contrary to defendants' suggestions, the addition of the RICO counts and the common law fraud claims do not raise individual reliance issues other than those already discussed. There is no indication that proof of injury and damages in the RICO action will render the class action unmanageable. *See Wilcox Development Co. v. First Interstate Bank of Oregon, N.A.,* 97 F.R.D. 440 (D.Or.1983). With respect to the common law fraud allegations, the court need not anticipate that variance may exist between the laws of the various states involved, nor hypothesize about what state law will be relevant. *See Kane*

---

**8.** Reliance is not an issue where an omission or failure to disclose is alleged in a cause of action under Rule 10b–5. *Harriman v. E.I. DuPont de Nemours & Co.,* 411 F.Supp. 133 (D.Del.1975).

**9.** *See Dura-Bilt Corp. v. Chase Manhattan Corp., supra,* 89 F.R.D. at 96 (where plaintiff's allegations relate to common course of conduct—de-

fendant's sale of Penn Central stock during certain period while in possession of material inside information and without disclosing such to public—common issues predominate over any possible individual issues raised by varying amounts of information available).

*Assoc. v. Clifford, supra,* 80 F.R.D. at 407. However, in finding that individual issues do not predominate over common questions of law and fact, the court is mindful of its authority to subdivide the class or to alter or amend this order under Rule 23(c)(1) if full discovery should later so indicate. *See Green v. Emerson, Ltd., supra,* 86 F.R.D. at 59; *Mulcahey v. Petrofunds, Inc.,* 79 F.R.D. 272, 282–83 (S.D.Tex.1978); *Tucker v. Arthur Andersen & Co.,* 67 F.R.D. 468, 482–83 (S.D.N.Y.1975) (Werker, J.).

### c. Typicality of plaintiff's claims and adequacy of representation

Plaintiff's ability to meet the typicality requirement of Rule 23(a)(3) is not destroyed by conflicts that may arise between plaintiff and members of the proposed class due to their differing purchase dates, nor by the fact that plaintiff and members of the proposed class may have relied upon different reports and statements when they purchased Major and United stock and/or warrants.

> Typicality refers to the nature of the claim of the class representatives, and not to the specific facts from which the claim arose or relief is sought. The proper inquiry is whether other members of the class have the same or similar injury, whether the action is based on conduct not special or unique to the named plaintiffs, and whether all members have been injured by the same course of conduct. (citations omitted).

*Dura-Bilt Corp. v. Chase Manhattan Corp., supra,* 89 F.R.D. at 99. The inquiry is satisfied here.

Plaintiff alleges that he and other members of the proposed class have suffered financial losses as a result of the excessive prices paid for Major and United's stock and warrants. Plaintiff, like other members of the proposed class, allegedly purchased the stock believing that the companies were profitable, an assumption plaintiff claims defendants were responsible for fraudulently creating through a continuous course of conduct designed to inflate the stock prices. Thus, factual differences—in the amount of damages, date, size or manner of purchase, type of purchaser or document influencing the purchase—will not defeat class certification.[10] *Id.* at 99 and cases cited therein. *See Werfel v. Karamarsky, supra,* 61 F.R.D. 674, 680 (S.D.N.Y.1974) (MacMahon, J.); *see also Sanders v. Faraday Laboratories, Inc.,* 82 F.R.D. 99, 101 (E.D.N.Y.1979).

Aside from the issue of potential conflict between plaintiff and absent class members, addressed above, defendants apparently concede that plaintiff has satisfied Rule 23(a)(4), which requires that "the representative parties will fairly and adequately protect the interests of the class." It seems clear that plaintiff has vigorously pursued this litigation and will continue to do so. Considering the nature of this litigation, it is also clear that the party's attorney is sufficiently qualified and experienced to conduct the proposed case. *See Dura-Bilt Corp. v. Chase Manhattan Corp., supra,* 89 F.R.D. at 101; *Blackie v. Barrack, supra,* 524 F.2d at 910.

### d. Superiority

One of the primary considerations in evaluating whether the class action device is superior to other methods for fair and efficient adjudication of the controversy, Rule 23(b)(3), is the number of persons injured by defendants' alleged wrongful conduct. *Green v. Wolf Corp., supra,* 406 F.2d at 301. That number seems substantial here, and it also seems to be the case that none of the purchasers of the stock at issue has been injured seriously enough to motivate initiation of individual actions.[11] The latter factor speaks strongly for the superiority of the class action in this case since absent a class suit it seems likely that

---

**10.** Defendants have not demonstrated that plaintiff will be subject to "unique defenses that will necessarily prejudice the class probability of success," *Kraus v. Paterson Parchment Paper Co.,* 65 F.R.D. 368 (S.D.N.Y.1974) (Bonsal, J.) as a result of plaintiff's relationship with Frances Curzio.

**11.** No individual actions have been filed.

thousands of shareholders will be without recourse or, in the alternative, the court will be beseiged by a "multiplicity and scattering of suits with the inefficient administration of litigation which follows in its wake." [12] *Id.* Finally, there is no indication at present that the creation of a class will pose difficult problems of management. *See Weiss v. Drew Nat'l Corp., supra,* 71 F.R.D. at 431.

Having met the requirements of Rule 23(a) and 23(b)(3), plaintiff is entitled to certification of the class consisting of all persons (except defendants and those in privity with them) who purchased the securities of Major, Major Drilling, or United from the dates of their respective public offerings to November 4th.

## II

*Motion to dismiss*

Major, Major Drilling, United and its officers and directors who are named as defendants, and Fittin and its officers (hereinafter "Fittin"), have moved to dismiss the amended complaint. The Major group of defendants seek only to dismiss those allegations in the paragraphs dismissed by the court in its previous opinion. Fittin also seeks dismissal of the allegations and because all of these were found to violate the pleading requirements of Rule 9(b), dismissal of all counts.

### a. *Fittin*

Although, as Fittin points out, some of plaintiff's allegations are pleaded verbatim from the original complaint, plaintiff now frames his allegations in terms of conduct which might constitute fraud if proven, making clear what the original complaint

had failed to explain—exactly what the fraud claims against Fittin are. [13] The alleged omissions in Major's March, 1981 prospectus—failure to disclose certain relationships between Fittin's directors and officers and United (and its directors and officers), Major's parent corporation—are said to be material because they concealed from the public a certain control exercised by Fittin over United for the purpose of enabling Fittin to generate substantial additional fees and profits on the sale of Major's securities. (Amended Complaint, ¶ 2). In addition, other omissions concerning the identity of counsel for Fittin and Major assertedly concealed the fact that Major did not have independent counsel in connection with the March, 1981 public offering.

■ Fittin has sufficient notice of the claim against it to enable him to prepare a responsive pleading. *See* Wright and Miller, 5 *Federal Practice and Procedure,* § 1298 at p. 415 (1969). Whether the factual predicates for the allegations are sufficient to constitute 10b and 10b–5 violations will be determined at trial.

■ Moreover, as discussed in Part I of this opinion, it is enough that plaintiff alleges the materiality of the alleged omissions in order to establish causation in a securities fraud suit, which he has done here; he need not prove that he relied upon the absence of information in making his decision, *Pellman v. Cinerama, Inc.,* 89 F.R.D. 386, 387 (S.D.N.Y.1981) (Sofaer, J.), and certainly plaintiff's failure to demonstrate his reliance in the pleadings does not make the complaint deficient under Rule 9(b). [14]

---

12. Plaintiff alleges that numerous letters expressing interest in the action have been received from other members of the proposed class. Plaintiff's reply memorandum at 4.

13. Certain conclusory allegations have been omitted and other facts and allegations have been added to the complaint.

14. Plaintiff, in his amended complaint, has added a cause of action against both Fittin and the Major group under section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, which imposes absolute liability on, among others, the parties named here for material misstatements and/or omissions in the registration statement. Fraud need not be alleged and the requirements of Rule 9(b) are thus inapplicable.

b. *Major group*

In his amended complaint, plaintiff has removed certain conclusory allegations contained in several paragraphs, and revised others—adding certain factual allegations, as well as revealing the sources of such new information. The court now finds that these claims which had been dismissed for lack of specificity are sufficiently well pleaded under Rule 9(b), and therefore, declines to dismiss these as to the Major group.[15]

c. *Rea J. Tonachio and Frank W. Hall*

In a supplemental motion the court is asked to dismiss the claims against Rea J. Tonachio and Frank W. Hall. The complaint alleges that Tonachio was an officer of Major, Major Drilling and United at all times relevant to plaintiff's claims. Although the complaint does not state her specific position, Major Exploration's 1981 Annual Report describes Tonachio as Major's Vice President for investor relations, which plainly allows the inference that she may have shared responsibility for certain omissions or misstatements in the annual reports at least. *See Somerville v. Major Exploration, Inc., supra,* 579 F.Supp. at 911. Moreover, as plaintiff points out, Tonachio was listed in the 1981 Annual Report as the "contact person" on several of the Major press releases, which provide much of the substance for plaintiff's fraud claims. However, because Tonachio was not a director of either United or Major at the time the registration statements for those companies became effective, nor is there any indication that her signature appeared on the statements, defendants are correct in asserting that she is not within the purview of section 11(a) of the Securities Act of 1933, 15 U.S.C. § 77k(a). That claim against her is dismissed.

All counts against Hall are dismissed, plaintiff having consented thereto.

IT IS SO ORDERED.

---

15. Although the allegations previously dismissed against Walter would be reinstated on the same grounds, plaintiff has indicated to the court that it will not pursue its claims against Walter. The claims against Walter will, therefore, be dismissed upon receipt of the parties' stipulation to this effect.