Helen W. **SHANKROFF**, on behalf of herself and all others similarly situated, Plaintiff,

v.

**ADVEST, INC.**, Defendant.

**No. 85 Civ. 1178 (SWK).**

United States District Court, S.D. New York.

Sept. 22, 1986.

Greenfield & Chimicles, Haverford, Pa.
(Nicholas E. Chimicles, Kenneth A. Jacobsen, of counsel), Asbill, Porter, Churchill &
Nellis, Atlanta, Ga. (J. Alexander Porter,
Glenn A. Delk, Gail Tusan Joyner, of counsel), Jarblum, Solomon & Fornari, P.C.
New York City (James D. Fornari, Donald
Eng, of counsel), for plaintiff.

Day, Berry & Howard, Hartford, Conn.
(Philip S. Walkes, Karen Goodwin, of counsel), Randolph Guggenhemier, New York
City, for defendant.

## MEMORANDUM OPINION
## AND ORDER

KRAM, District Judge:

The plaintiff seeks to represent a putative class of investors who wish to recover
for alleged securities fraud under Sections
11 and 12 of the Securities Act of 1933, 15
U.S.C. §§ 77k and 77*l* (1982), Section 10 of

the Securities Exchange Act of 1934, 15 U.S.C. § 78j (1982), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1985), promulgated thereunder. The plaintiff also asserts claims premised on common law fraud and breach of fiduciary duty. The plaintiff now moves for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The plaintiff in this action alleges that the defendant, Advest, Inc. ("Advest"), deceived and misled the public in order to sell limited partnership interests in Petro-Lewis Corporation ("Petro-Lewis"), an independent oil and gas producer and manager of petroleum investments for public investors. These limited partnerships, which were formed monthly, were marketed to the public nationwide by various means, including sale through brokers such as Advest, which received a commission on each partnership interest sold. In February 1984, Petro-Lewis announced that its partnership syndication operation was in serious financial trouble. Thereafter, Petro-Lewis investors filed class action lawsuits in the United States District Court for the District of Colorado against Petro-Lewis to recover for the substantial losses sustained by investors. The court approved a class settlement in those cases for investors in the limited partnerships formed by Petro-Lewis between August 1975 and February 1984.

The plaintiff in this action claims class status for persons "who during the period January 1, 1981 through and including February 6, 1984 ... purchased, reinvested in, or otherwise acquired limited partnership interests in Petro-Lewis Oil Income Programs, Petro-Lewis Oil and Gas Income Programs or the Petro-Lewis Deferred Income Program" through Advest.

## A.  NUMEROSITY

■ Plaintiff must demonstrate that each of the four prerequisites set forth in Rule 23(a) has been satisfied and, in addition, that at least one of the factors set forth in Rule 23(b) is present. The first requirement is that the class be so numerous that joinder of all aggrieved individuals would be impracticable. Rule 23(a)(1). This case involves a proposed class of purchasers of interests in thirty-five partnerships. The proposed class numbers over one hundred individuals and may well number into the thousands. The Court therefore finds that the putative class fulfills the numerosity requirement of Rule 23(a)(1). *See Korn v. Franchard Corp.,* 456 F.2d 1206, 1209 (2d Cir.1972) ("Forty investors have been held to represent a suffficiently large group" for class action); *Folsom v. Blum,* 87 F.R.D. 443, 445 (S.D. N.Y.1980) (class "number[ing] in the hundreds" satisfies the numerosity requirement).

The identity and exact number of prospective class members are ascertainable from defendant's records. In satisfying Rule 23's numerosity requirement, "plaintiff's failure to state the exact number of the class does not militate against the maintenance of a class action". *Somerville v. Major Exploration, Inc.,* 102 F.R.D. 500, 503 (S.D.N.Y.1984) (citations omitted). *See Abrams v. John-Manville Corp.,* [1981–82 Transfer Binder] Fed.Sec. L.Rep. (CCH) ¶ 98,348 at 92,158 (S.D.N.Y. 1981); *Dolgow v. Anderson,* 43 F.R.D. 472, 492–93 (E.D.N.Y.1968), *rev'd on other grounds,* 438 F.2d 825 (2d Cir.1970). Furthermore, the purchasers are geographically distributed throughout the United States. This number and distribution of potential class members satisfies the numerosity requirement of Rule 23(a)(1). *Deary v. Guardian Loan Co.,* 534 F.Supp. 1178, 1190 (S.D.N.Y.1982); *Hawk Industries, Inc. v. Bausch & Lomb, Inc.,* 59 F.R.D. 619, 623 (S.D.N.Y.1973).

## B.  COMMON QUESTIONS OF LAW OR FACT

■ The second prerequisite of Rule 23(a) is the existence of questions of law or fact common to the class. In addition, in order to certify this litigation as a class action under Rule 23(b)(3), the Court must determine whether common questions of law or fact predominate over questions involving only individual class members.

Common questions may predominate where there exists a common course of conduct even though there is not a complete identity of facts. *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 93 (S.D. N.Y. 1981).

■ Advest contends that common questions of law or fact neither exist nor predominate. Advest maintains, first, that there is no common nexus between the different Petro-Lewis partnerships, which are described in a number of different prospectuses; and second, that each potential class member's claim is distinct because the alleged frauds are based on oral, not written, representations. Thus, Advest argues, the nonuniformity of the representations characterize the issues as highly individual in nature.

Advest's argument, however, mistakes plaintiff's claim. The premise of plaintiff's complaint is that Advest, whose business consists of analyzing investment prospects and providing financial advice to its clients, engaged in a "course of conduct" designed to encourage investment in Petro-Lewis limited partnerships while failing to disclose Petro-Lewis' deplorable financial condition. Where the facts as alleged show that defendant's course of conduct concealed material information from an entire putative class, the commonality requirement is met. *Green v. Wolf Corp.*, 406 F.2d 291, 300 (2d Cir.1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); *In re Baldwin-United Corp. Litigation*, M21–35 (CLB), slip op. at 6 (S.D. N.Y. June 27, 1986) [Available on WESTLAW, DCTU database].

Plaintiff does not allege that the prospectuses for the various partnerships were identical—although they were quite similar in content and outlook—or that Advest brokers held no individual conversations with their clients. Rather, the common issue is whether the promotional material and sales advice disseminated by Advest contain identical distortions and omissions, which influenced the putative class members' investment decisions. *See In re Resource Exploration, Inc.*, MDL–406 (CLB), slip op.

at 6–7 (S.D.N.Y. Oct. 17, 1984) [Available on WESTLAW, DCTU database]. Since plaintiff's allegations focus on overall managerial decisions which affected all Advest clients, questions of oral representations or individual reliance do not overwhelm the issues common to the class. *See Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972); *Korn v. Franchard, supra*, at 1212–13.

■ Advest also asserts that commonality is defeated by arbitration provisions or statutory limitations periods which apply to only some class members. The Court will not, in the context of a motion for class certification, determine the merits of an affirmative defense directed against some putative class members. "Such inquiry is outside the scope of Rule 23 and indeed defies the principle enunciated in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), that a court may not review the substantive issues raised in a complaint when determining the claims' suitability for class treatment (citations omitted)." *In re Baldwin-United Corp. Litigation, supra*, slip op. at 8–9.

The Court finds that the common issues of fact and law predominate, and that the prerequisites of Rule 23(a)(2) and 23(b) have been met.

## C. TYPICALITY

In order to satisfy the third prerequisite under Rule 23(a), plaintiff must demonstrate that her claim is typical of that of other class members; that is, plaintiff's claim must arise out of the same course of conduct and be based on the same legal theories as the claims of other class members. *Dura-Bilt Corp., supra*, 89 F.R.D. at 99.

Advest contends that typicality is lacking since the financial status of Petro-Lewis, and the information available to investors, varied during the course of the proposed class period. Advest also argues that plaintiff Helen Shankroff will not adequately protect class members who purchased their partnership interests before or

after her. The Court disagrees. Plaintiff alleges a course of conduct involving a series of omissions and misrepresentations occurring throughout the class period. Plaintiff will adequately protect the interests of all class members since plaintiff must show that Advest presented a uniformly distorted picture of Petro-Lewis' financial reliability throughout the class period. *See Weisberg v. APL Corp.*, 76 F.R.D. 233, 239–41 (E.D.N.Y.1977); *In re Baldwin-United, supra; In re Resource Exploration, supra.*

If need be, the Court can later subdivide the class or order separate hearings to determine issues of reliance or damages.

## D. ADEQUACY

■ The Court's determination of whether the named plaintiff will fairly and adequately protect the interests of the class, Rule 23(a)(4), is designed to ensure that the named plaintiff does not have interests potentially antagonistic to the interests of absent class members. *Ross v. A.H. Robins Company, Inc.*, 100 F.R.D. 5, 7 (S.D.N.Y.1982). *See Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968), *vacated and remanded on other grounds*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Du Pont v. Perot*, 59 F.R.D. 404, 411 (S.D.N.Y.1973).

■ The Court finds that plaintiff Helen Shankroff is an improper representative because the Advest broker from whom she purchased her Petro-Lewis partnership interest is her husband's cousin.[1] While the Court recognizes that class members need not demonstrate for class certification their reliance on written representations rather than the oral representations of their brokers, plaintiff's familial relationship with her broker presents an issue of reliance quite atypical of the remainder of the class. Furthermore, since it is conceivable that plaintiff's cousin, or any other Advest broker who participated in the sale of partnership interests, could become a defendant in

the future, the Court notes the potential for a conflict of interests and declines to certify Helen Shankroff as named representative for the class.

## E. SUPERIORITY

■ The Court finds that Rule 23(b)(3) is satisfied in that questions of law and fact common to class members predominate over individualized questions, and that a class action is the superior method of adjudicating this controversy fairly and adequately. Advest's contention that some of the class members' claims are arbitrable does not persuade the Court that this litigation is not best resolved by class action. *See In re Baldwin-United*, slip op. at 12–13.

■ Accordingly, this motion to declare a class is granted. The class shall be comprised of those persons or entities who acquired limited partnership interests in Petro-Lewis Oil Income Programs, Petro-Lewis Oil & Gas Income Programs, or Petro-Lewis Deferred Income Program through Advest, Inc., between January 1, 1981 through and including February 6, 1984, each in his, her or its individual capacity and any and all collective representatives, assigns, heirs, executors, administrators, custodians, predecessors or successors in interest and any other person having any legal or beneficial interest in the above mentioned Petro-Lewis programs.

The certification of this class is subject to an order due thirty days from this date which shall propose at least one plaintiff to proceed as representative on behalf of the class. The plaintiff to be proposed to the Court shall be nominated by plaintiff Shankroff's attorneys from those plaintiffs most willing and able to serve. The order shall also contain a form of proposed notice to the class and appropriate provisions for service of such notice, pursuant to F.R. Civ.P. 23(d)(2).

SO ORDERED.

---

1. The Court notes also that while Helen Shankroff alone is named as a plaintiff in this action, her partnership interest was purchased by the joint account she shared with her husband.