William STEINER, et al., Plaintiffs,

v.

IDEAL BASIC INDUSTRIES, INC., et al., Defendants.

Civ. A. No. 86–M–456.

United States District Court,
D. Colorado.

Oct. 21, 1987.

James A. Shpall, Wolf & Slatkin, Denver, Colo., Daniel W. Krasner, David A.P. Brower, Peter C. Harrar, New York City, for plaintiffs.

Robert Matosoff, Gene Mesh & Associates, Cincinnati, Ohio, Robert Malman, Malman & Malman, P.C., Denver, Colo., for derivative plaintiffs.

James E. Scarboro, Tim Atkeson, Arnold & Porter, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

The plaintiffs in these consolidated actions allege that the defendants, during the period March 27, 1981 through March 3, 1986, defrauded the market by making public statements misrepresenting Ideal Basic Industries' (Ideal) condition, and by failing to disclose material information with respect to the irreparable operational and economic problems which beset Ideal's $350 million Cris Dobbins plant on the Alabama Gulf Coast, and Ideal's $54 million renovation of its Boettcher plant. The claims are under Sections 10(b) and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t (the Exchange Act), and Rule 10b–5 promulgated by the Securities and Exchange Commission.

This court certified a settlement class, consisting of all persons and entities, other than defendants and their immediate families, who purchased or otherwise acquired shares of the common stock of Ideal from March 27, 1981 through March 3, 1986, inclusive, and approved a settlement between class plaintiffs and Ideal, Eugene H. Adams, Phillip F. Anshutz, G.B. Aydelott, Harry Blundell, William R. Bond, D.R.C. Brown, C.B. Flick, Stephen H. Hart, Mort Lowenthal, D.J. McGanney, John C. Mitchell, Richard de J. Osborne, Herbert C. Pinder, Mayfield R. Shilling, Donald S. Stubbs and Russell Thorstenberg (the settling defendants). The plaintiffs now seek class certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure to proceed against the remaining defendants.

Considering the plaintiffs' motion for class certification, the defendants' response and the hearing held in this matter on June 18, 1987, this court finds that the prerequisites to a class action required by Rule 23(a) have been met.

First, it is clear that the class is so numerous that joinder of all the members would be impracticable. The plaintiffs mailed more than 24,000 notices to members of the settlement class. The settlement class is identical to the class the plaintiffs now seek to certify.

Second, there are questions of law or fact common to the class. The common question of fact is whether the common stock of Ideal was traded at artificially high prices throughout the class period because the defendants made or caused Ideal to make false or unrealistic statements during the class period concerning the value, prospects, operations and financial condition of Ideal resulting from its capital expenditure program on the Cris Dobbins and Boettcher plants. The common question of law is whether the defendants' conduct violated the securities laws.

The third requirement under Rule 23(a) is that the claims of the representative parties must be typical of the claims of the class. The defendants argue that the

named plaintiffs are subject to unique defenses rendering their claims atypical. Specifically, they argue that the claims of Aaron Twersky and Frederick Rand, who purchased their stock in 1985, are not typical of earlier investors like William Steiner, who purchased in 1981 or 1982, when Ideal was just starting up the Chris Dobbins plant. The defendants also assert that the named plaintiffs are sophisticated investors, subject to unique defenses. As this court explained in *In re Storage Technology Corp. Securities Litigation*, 630 F.Supp. 1072 (D.Colo.1986), proof of subjective reliance on particular misrepresentations is unnecessary to establish a Rule 10b–5 claim in a fraud on the market case. "The fraud on the market theory allows a plaintiff to rely on the integrity of the market rather than requiring direct reliance on the defendant's conduct. It is grounded on the assumption that the market price reflects all known material information and that material misinformation will cause the artificial inflation or deflation of the market price." *Id.* at 1077. The plaintiffs allege that the defendants made numerous false statements throughout the entire class period with respect to Ideal's capital expenditure program, and that as a result Ideal's common stock was traded at artificially high prices throughout the five year class period. Although the plaintiffs may have purchased their stock at different times, and relied upon different sources of public information in making their investment decisions, those variations are insufficient to defeat the class on typicality grounds. *See, e.g., In re Storage Technology Corp. Securities Litigation*, 113 F.R.D. 113, 117 (D.Colo.1986).

■ Rule 23(a) also requires that the representative parties will fairly and adequately represent the interests of the class. Adequate representatives are necessary to protect the due process interests of class members. *In re Storage Technology Corp. Securities Litigation*, 113 F.R.D. at 117. A class representative must be aware of his obligations to pay notification and other costs, and to pursue class claims diligently. A class representative cannot have interests antagonistic to the class. The

plaintiffs seek to have the following serve as class representatives:

a. William Steiner: The defendants argue that Steiner would make a poor representative because he is essentially a professional plaintiff, having filed 15 to 20 lawsuits. They note that Steiner is uncertain about the status of many of those cases. However, Steiner is knowledgeable about the status of this action and his responsibilities as a class representative. Mr. Steiner is aware that the consolidated complaint has a different class period than his original complaint, that he represents people who purchased stock between March 1981 and March 1986, and that as a class representative he is responsible for costs. Mr. Steiner reviewed the partial settlement and is aware of the material terms. Accordingly, this court finds that Mr. Steiner is an adequate class representative.

b. Aaron Twersky: The defendants argue that Twersky places undue emphasis on his lawyer in conducting the litigation and demonstrates an alarming unfamiliarity with this lawsuit. The defendants state that Twersky's limited personal knowledge of the facts underlying this suit, as well as his apparently superfluous role in this litigation to date, demonstrate his inadequacy as class representative. Twersky read the complaint before it was filed, he knows it was originally filed in Alabama, and then filed in Colorado. He said "That the officers were misleading and not telling the truth about the facts which they were aware of many years before they came out into the open. And the news broke down that the plant is no good... People who are responsible with such a big project of hundreds of millions of dollars should know what they are doing. They build a plant and say it will cost $250 million. Then they overran $350 million." Deposition of Aaron Twersky, p. 24. Twersky knows what a class action is, and the responsibilities of class representatives. He knows the material terms of the partial settlement, including the fact that by settling, the plaintiffs agreed to forego their right to pursue the personal assets of the settling defendants.

Mr. Twersky will serve as an adequate representative.

c. Frederick Rand: The defendants assert that Rand is an inadequate class representative because he is a professional plaintiff and "has undertaken so many lawsuits that he cannot recall how many are pending." It is true that at his deposition, Rand was unable to recall basic aspects of some of his pending suits. However, Mr. Rand is aware that the complaint in this action alleges that officers of Ideal made false statements and failed to disclose facts. He explains that "in regard to the Cris Dobbins plant, saying that there had been some startup problems with the plant, and them explaining it more or less in a way that you would be led to believe that they were minor ... when in fact they had to know that probably the main problem there was that they didn't have the necessary material at hand or nearby for which they had originally built the plant.... The limestone that they had originally built the plant for was not suitable for the so-called state of the art plant that was built." Deposition of Frederick Rand, p. 42. Rand reviewed his original complaint and the consolidated complaint, and is aware that the class periods differ. Mr. Rand knows the material terms of the partial settlement. This court finds that Mr. Rand has the ability and willingness to protect the interests of the class.

d. John Ward: The defendants argue that because of Mr. Ward's serious health problems "he is in no condition to undertake the rigorous task of actively participating in the representation of thousands of investors in a complex securities case." Mr. Ward must undergo kidney dialysis every other day. His deposition had to be taken at his home and he is unable to travel to Denver for trial of this case. The defendants also argue that Ward is an inadequate representative because he is unaware of even the most material aspects of this action. Mr. Ward describes a class action as one where there is "the consolidation of all the plaintiffs, getting together as one group into one court action." Deposition of John Ward, p. 7. Ward says that as a class representative he is to "take care of my fellow shareholder's interest" and the "expenses that they incur." *Id.* at p. 8. He states he filed this lawsuit against Ideal and its management because "they didn't tell the truth in their reports. They camouflaged the facts.... They kept on saying the outlook was improving, and all the time it was getting worse." *Id.* at 27. Mr. Ward reviewed his original complaint though admits he did not review the consolidated complaint or know of any differences between the two. *Id.* at 32. While Mr. Ward expressed some confusion about the nature and effect of the partial settlement, he knows that the class received 1.65 million shares of Ideal common stock and $300,000. Mr. Ward's deposition testimony as a whole supports this court's conclusion that he will make an adequate class representative.

The adequacy requirement of Rule 23(a)(4) also requires this court to determine whether plaintiffs' attorneys are qualified, experienced and able to conduct the proposed litigation. Based upon the lawyers' performance in this case and their experience as class counsel in a number of other cases, this court concludes the class plaintiffs will be adequately represented by the law firms of Wolf Haldenstein Adler Freeman & Herz and Wolf & Slatkin, P.C.

■ Subsection (b)(3) of Rule 23 provides that an action may be maintained as a class action if the prerequisites of subsection (a) have been met, and:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The common questions of law and fact described above, clearly predominate over questions affecting only individual members. The plaintiffs allege that the defendants made a series of misrepresentations pertaining to the Cris Dobbins and Boettcher plants, and that those misrepresentations had the same effect on the market price of the stock throughout the class

period. Thus, even though the plaintiffs purchased Ideal common stock at different times, and relied upon different statements about Ideal's condition, they were affected by the defendants' conduct in the same way. "Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit." *Blackie v. Barrack,* 524 F.2d 891, 902 (9th Cir.1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). *See also, In re Storage Technology Securities Litigation,* 113 F.R.D. 113 (D.Colo. 1986). As discussed with respect to the typicality requirement, the factual variations among the plaintiffs are insignificant in light of the nature of the allegations. Therefore, the common questions of law and fact will predominate over any questions affecting the plaintiffs individually.

Other facts support this court's conclusion that this action may be maintained as a class action under Rule 23(b)(3). This case has been handled in part as a class action because of the partial settlement. Many of the difficulties encountered in managing a class action have therefore been overcome. Additionally, the named plaintiffs have consolidated their actions, and have voluntarily dismissed their claims based on state law.

Based upon the foregoing, it is

ORDERED, that Civil Action No. 86–M–456 shall be maintained as a class action on behalf of the following class of plaintiffs:

All persons and entities, other than defendants John A. Love, Michael T. Nelligan, W. Ashton Lee, Joseph A. Bingert, Robert W. Suppes, Dean R. Gidney, Richard E. Ruess and Robert H. Bonnell, their immediate families and the affiliates of any named defendants, who purchased or otherwise acquired shares of the common stock of Ideal from March 27, 1981 through March 3, 1986,

with respect to the following claim for relief:

Violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, specifically: allegedly false and misleading statements and reports (including omissions) concerning the value, operations, prospects and financial condition of Ideal, and, in particular, the Cris Dobbins and Boettcher plants, concealing from the investing public material adverse information concerning the operations and potential profitability of Ideal, resulting in artificially inflated market prices of Ideal's common stock throughout the class period.

IT IS FURTHER ORDERED, subject to further order of this court, William Steiner, Aaron Twersky, Frederick Rand and John Ward are designated as class representatives; the law firm of Wolf Haldenstien Adler Freeman & Herz is designated as lead counsel for the class, and the law firm of Wolf & Slatkin, P.C. is designated as local and liaison counsel. If designated counsel seek additional counsel to assist them in the prosecution of this action, they shall file appropriate motions.

IT IS FURTHER ORDERED, that class counsel shall on or before November 23, 1987, file with this court a proposed form of notice to class members, plan of mailing and publication, and a proposed procedure for handling requests for exclusion.

IT IS FURTHER ORDERED, that on or before November 23, 1987, class counsel shall file with this court a proposed plan for discovery.