Robert D. LERNER, Plaintiff,

v.

Henry W. HAIMSOHN, et al.,
Defendants.

Civ. A. Nos. 87–C–182, 87–C–183.

United States District Court,
D. Colorado.

June 14, 1989.

William F. Lerach, Milberg Weiss Bershad Specthrie & Lerach, San Diego, Cal., C. Gary Wynkoop, Barrack, Rodos & Bacine, Philadelphia, Pa., Jay Horowitz, Horowitz & Berrett, Denver, Colo., for plaintiffs.

William E. Murane, Holland & Hart, Denver, Colo., for Pace Membership Warehouse, Inc.; Henry W. Haimsohn; A.D. Granda; Bruce C. Lindstrom; Charles E. Steinbrueck; T. James Vaughn; and Richard J. Smeltz.

Peter F. Breitenstein, Fairfield and Woods, Denver, Colo., for Thomas C. Barry, Stanley E. Foster, Herbert A. Haimsohn, Stuart G. Moldaw, and David Stanley.

Mark McCall, Sullivan & Cromwell, New York City, and Walter A. Steele, White & Steele, Denver, Colo., for Kidder, Peabody & Co., Inc.; and Montgomery Securities.

Paul A. Renne, Patrick J. Mahoney, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, Cal., and Eugene F. McGuire, Cortez & Friedman, Denver, Colo., for Touche Ross & Co.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

In these consolidated actions, the plaintiffs have filed two motions for class certification requesting that they be allowed to represent a class consisting of all persons who purchased the common stock of Pace Membership Warehouse ("Pace") during the period of June 20, 1985 through July 11, 1986, excluding the defendants and certain of the defendants' affiliates.[1]

Plaintiffs Lerner and Minchau allege that Pace, its officers and directors, two lead underwriters, and its public auditors, violated Sections 11, 15, and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77k, 77o, 77q(a) ] and Sections 10(b) and 20 of the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j(b), 78t]. Specifically, the complaints allege that the defendants were responsible for issuing the Registration Statements and Prospectuses that contained the misrepresentations in connection with Pace's initial and second public offerings. Plaintiffs also allege that the defendants knowingly and recklessly made misleading statements that artificially inflated the market price of Pace stock throughout the class period.

Jurisdiction is asserted under § 22 of the Securities Act of 1933 [15 U.S.C. § 77v] and § 27 of the Securities and Exchange Act of 1934 [15 U.S.C. § 78aa].

Plaintiffs accurately state that the United States Court of Appeals for the Tenth Circuit has endorsed class actions as an appropriate means to resolve claims under the federal securities laws. *See, e.g., T.J. Raney & Sons, Inc. v. Fort Cobb, Okla. Irrigation Fuel Auth.,* 717 F.2d 1330 (10th Cir.1983), *cert. denied* 465 U.S. 1026, 104 S.Ct. 1285, 79 L.Ed.2d 687 (1984). Further, the plaintiffs assert that the requirements of numerosity, commonality, typicality, and adequacy of representation, as required under Rule 23(a), Fed.R.Civ.P., are satisfied by the facts supporting the proposed class. They contend that the factors set forth in Rule 23(b)(3) concerning the predominance of common questions of law or fact over individual issues and the question of class action as a superior litigation method are also met.

Defendants have responded by opposing the plaintiffs' motions. All issues have been fully briefed and oral argument would not assist my decision.

### I. *Requirements of Rule 23(a).*

#### A. *Numerosity.*

Plaintiffs assert that over 5.9 million shares of Pace common stock were sold during the class period and that the stock has been actively traded on the over-the-counter market. Defendants do not address the numerosity issue in their opposition memorandum, and it thus appears that this issue is not seriously disputed.

#### B. *Commonality.*

The commonality required under Rule 23(a)(2) is addressed by the plaintiffs in tandem with the predominance requirement of Rule 23(b)(3). Plaintiffs contend that the questions common to the class which predominate over the questions affecting individual class members include: (1) whether the statements made by the defendants were materially misleading; (2) whether defendants acted with scienter; and (3) whether the open-market price of the Pace stock was artificially inflated, and if so, by what amount. Plaintiffs conclude

---

1. Because the *Lerner* and *Minchau* actions have been consolidated for discovery and pretrial motions, plaintiffs have filed only one brief in support of both motions for class certification.

that the alleged misleading statements and omissions occurred in a limited number of similar corporate reports and press releases issued throughout the thirteen month class period, and that the differences in the misstatements are insignificant. Finally, the plaintiffs assert that the questions affecting individual class members such as reliance or damages will be minimal, and in any event, are irrelevant to the class certification issue.

Defendants also have combined the commonality issue with the Rule 23(b)(3) predominance question in their response, and assert that the common questions of law do not predominate over individual issues for two reasons: (a) the plaintiffs' proposed thirteen month class period involves over thirty alleged misrepresentations and omissions that are not interrelated, and (b) the plaintiffs have ignored the individual issues of reliance and possible arbitration of other class member claims.

 Numerous securities class actions have involved more documents and longer class periods than those at issue here. *See e.g., Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976) (class certification granted in action involving 27 month class period with more than 45 documents, including two annual reports, six quarterly reports and various press releases). Moreover, allegations of repeated misrepresentations will satisfy the common question requirement. *Blackie*, 524 F.2d at 902. The fact that questions peculiar to each individual class member may remain after the common questions have been resolved does not dictate the conclusion that a class action is impermissible. *Esplin v. Hirschi*, 402 F.2d 94, 100 (10th Cir.1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

 Plaintiffs appear to have alleged a "common course of conduct" in the various misstatements and omissions allegedly made by Pace. Allegations of a common course of conduct will satisfy the predominance requirement of Rule 23(b)(3). *See e.g., Muth v. Dechert, Price & Rhodes*, 70 F.R.D. 602, 607 (E.D.Pa.1976); *In re Data*

*Access Systems Securities Litigation*, 103 F.R.D. 130, 139 (D.N.J.1984). Plaintiffs' allegations generally point to a common scheme of misrepresentations by Pace regarding its current financial performance and future financial prospects in an effort to deceive the investing public.

Defendants' second argument concerning individual questions of reliance in a fraud on the market claim has been rejected by Judge Matsch of this district at least twice. *See Steiner v. Ideal Basic Industries*, 127 F.R.D. 192, 194 (D.Colo.1987) ("proof of subjective reliance on particular misrepresentations is unnecessary to establish a Rule 10b–5 claim"); *In re Storage Technology Corp. Securities Litig.*, 113 F.R.D. 113, 114 (D.Colo.1986) (fraud on the market theory in an open market context does not require individual reliance).

Finally, the possible arbitration of some class member claims will not, by itself, defeat class certification. As the plaintiffs indicate, not only is the defendants' question of arbitration hypothetical and proffered without any evidence, arbitration does not affect any Section 11 claims nor most of the Section 10(b) claims. Thus, even if arbitration were an individual issue, only a small percentage of the total claims would actually be affected—hardly a predominant number. I note that the arbitration argument was flatly rejected in *Shankroff v. Advest, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y.1986).

C. *Typicality.*

 Plaintiffs assert that the typicality requirement is satisfied because all of the class members have sustained money damages resulting from the defendants' common course of fraudulent conduct and that, in essence, all of the claims are identical. In support, the plaintiffs cite *Dura–Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y.1981) which indicates that the difference in damages, size, or manner of stock purchase will not render the claims atypical. Plaintiffs emphasize however, that typicality nonetheless does not require that the class claims be identical to those of the named plaintiffs,

relying on *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir.1982).

In response, the defendants assert two arguments. First, the defendants contend that each plaintiff must prove individual reliance on the misrepresentations and omissions in order to pursue a Rule 10b–5 claim, even if premised under the "fraud on the market theory." Defendants cite *Masri v. Wakefield*, 106 F.R.D. 322 (D.Colo. 1984) in support of their argument. Second, the defendants assert that the claims are atypical because the proposed class representatives are subject to "unique defenses," *i.e.*, (1) plaintiff Lerner was a sophisticated investor, (2) plaintiff Minchau relied on the oral advice of his broker, (3) plaintiff Lerner does not satisfy the "in connection with" requirement of Rule 10b–5, and (4) plaintiff Minchau purchased Pace stock after the market had absorbed all relevant information.

Defendants' contention that individual reliance must be proven to pursue a Rule 10b–5 claim is misplaced. "Fraud on the market" claims do not require a showing of individual reliance. *In re Storage Technology Corp. Securities Litigation*, 630 F.Supp. 1072, 1077 (D.Colo.1986), and more recently in *Ideal Basic Industries*, slip op. at 3, (rejecting requirement of proving subjective reliance). The prior *Masri* ruling, decided in 1984, has not been followed by any other reported decision in this district regarding its denial of class certification in a "fraud on the market" case. Similar "investor sophistication" arguments also have been rejected. *Ideal Basic*, slip op. at 2–3, (citing *Storage Technology*, 630 F.Supp. at 1077); *Blackie v. Barrack*, 524 F.2d at 905.

Defendants' other arguments are irrelevant to the question of the plaintiffs' suitability as class representatives. For example, a fraud on the market theory obviates the need to consider the reliance issue. *Ideal Basic*, slip op. at 3. *See also, Kirby v. Cullinet Software, Inc.*, 116 F.R.D. 303 (D.Mass.1987) (where a continuing course of conduct is alleged, earlier purchasers may represent later stock purchasers in a Rule 23 class action).

### D. Adequacy of Representation.

■ The adequacy of representation requirement involves a two prong test: (1) vigorous and competent prosecution by named class representatives and (2) no antagonistic or conflicting interests with unnamed class members. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978). Defendants do not challenge the expertise of plaintiffs' counsel. Instead, defendants assert that both plaintiffs are completely ignorant of their claims against Pace, and cite *Greenspan v. Brassler*, 78 F.R.D. 130, 133–34 (S.D.N.Y.1978) as support for denying class certification on this ground. Plaintiffs contend, however, that defendants' have erroneously interpreted the instant facts, and insist that the plaintiffs Lerner and Minchau are well informed and knowledgable about the claims.

Generally, as long as the plaintiffs, as class representatives, know something about the case, even though they are not knowledgeable of the complaint's specific allegations, the class should be certified. *See Storage Technology*, 113 F.R.D. at 118 (class representatives found adequate if plaintiffs understood underlying legal basis of action, or if plaintiff was angry about alleged misrepresentations and interested in outcome of case, or if plaintiff understood that defendant's misleading statements formed the basis of the action).

### II. Rule 23(b)(3).

### A. Common Questions of Law and Fact Must Predominate.

■ Plaintiffs contend that the class action is a superior method of adjudication and that the class will not present management problems. Defendants do not directly address these contentions. Instead they argue (1) that the plaintiffs cannot show a common thread that unites the numerous misrepresentations, (2) that the plaintiffs ignore the individual issue of reliance, and (3) that other potential class members may be subject to arbitration, an individual issue.

As discussed *supra,* defendants' reliance argument has been rejected in this district, and the concurrent availability to some potential class members of claims arbitration is not an obstacle to class certification. Moreover, the plaintiffs appear to have adequately alleged a "common thread" of conduct by the defendants.

### III. *Conclusion.*

I hold that the plaintiffs have met Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation, as well as Rule 23(b)(3)'s requirements. I find and conclude that the plaintiffs' motions for class certification should be granted.

Accordingly, it is ORDERED that the plaintiffs' motions for class certification are granted. As discovery progresses, should it appear that class certification is not supported by the evidence, or that this order should be modified, the defendants may timely apply for reconsideration of this ruling. *See, Spivak v. Petro-Lewis Corp.,* 118 F.R.D. 504, 506 (D.Colo.1987).