Mary BJUSTROM, individually and on behalf of all other similarly situated, Plaintiffs,

v.

TRUST ONE MORTGAGE CORP., Defendant.

No. C00–1166P.

United States District Court, W.D. Washington, at Seattle.

Feb. 22, 2001.

Mark Adam Griffin, Keller Rohrback, Seattle, WA, Hart Robinovitch, Barry Reed, Zimmerman Reed, Minneapolis, MN, for plaintiffs.

Henry C. Jameson, Deborah L. Best, Jameson Babbitt Stites & Lombard, Seattle, WA, Alan Maclin, Robert Pratte, Margaret Savage, Mark Schroeder, Briggs & Morgan, Minneapolis, MN, for defendants.

## ORDER GRANTING MOTION FOR CLASS CERTIFICATION

PECHMAN, District Judge.

This matter came before the Court on a motion for class certification filed by Plaintiff Mary J. Bjustrom. Ms. Bjustrom alleges that Defendant Trust One Mortgage Corpo-

ration ("Trust One") has engaged in a uniform business practice of charging, collecting, and exchanging excessive closing fees on FHA mortgage loans which exceed the fee limits set forth in plaintiffs' standard form FHA mortgage contracts. Plaintiffs have asserted causes of action for breach of contract, violation of the Real Estate Settlement Procedures Act ("RESPA," 12 U.S.C. § 2607), and violation of the Unfair and Deceptive Trade Practices Act (RCW 19.86 *et seq.*). Trust One opposes the motion for class certification. While the majority of their arguments focus on the merits the proposed classes' claims, Trust One also raises serious questions regarding whether plaintiffs have satisfied the predominance requirement under Fed.R.Civ.P. 23(b)(3).

In considering Ms. Bjustrom's motion for class certification, this Court has reviewed plaintiffs' motion and the accompanying declarations of Mark Griffin, Hart Robinovitch, and Barry Reed; defendant's response and the accompanying declarations of Margaret Savage, Brady Bunte, Diane Hawley Fulmer, and William Heyman; plaintiff's reply and the accompanying affidavits of Hart Robinovitch; and the remaining record. Having reviewed all relevant materials, plaintiff's motion for class certification is GRANTED. This Court finds that Ms. Bjustrom has satisfied the requirements for class certification set forth in Rule 23.

### Proposed Classes:

Plaintiffs seek to certify the following class:

All persons residing in the United States who, dating back the length of the applicable statute of limitations for a breach of contract claim, from the date the Complaint was filed through and including the present:

1. Obtained an FHA mortgage loan funded by Trust One;

2. Written on a standard FHA mortgage contract similar to Plaintiff's in limiting the fees and charges collected to those authorized by the Secretary of HUD;

3. Where the loan was registered with Trust One for funding by a mortgage broker or loan correspondent;

4. Where the aggregate fees charged and collected for originating and processing the loan by way of direct or indirect fees (including, any loan original fee or yield spread premium tied to the interest rate on the loan, however denominated) exceeded 1% of the aggregate loan amount.

Plaintiffs also seek to certify a RESPA damages subclass within the above class. They define the proposed subclass as:

All persons who, within one year from the date the Complaint was filed through and including the present:

1. Obtained an FHA mortgage loan funded by Trust One;

2. Where the loan was registered with Trust One for funding by a mortgage broker or loan correspondent;

3. Where a yield spread premium, service release premium and/or lender paid broker fee, however denominated, was paid by Trust One to the mortgage broker or loan correspondent;

4. Where aggregate loan origination fees (all fees for loan origination and processing services, however denominated), equal to or exceeding 1% of the loan amount, were also charged.

### Analysis:

As a preliminary matter, it is important to note that application of the Rule 23 criteria is independent of any consideration of the merits of the complaint. 2 H. Newberg & A. Conte, *Newberg on Class Actions* § 7.09 (3rd ed.1992). In *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), the Supreme Court held that it was improper to conduct a hearing on the merits of the complaint in connection with class certification: "We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." 417 U.S. at 177, 94 S.Ct. 2140. Case law demonstrates that while the factual and legal issues comprising plaintiff's claims may be relevant to questions of class certification, the Court should consider the issue of class certification as a separate issue. On the issue of class certification, the plaintiff bears the burden of showing that each requirement of Rule 23 is satisfied. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

### Numerosity:

It appears that Trust One does not dispute the numerosity requirement. *See* Robinovitch Decl., Ex. 17 (Defendant's Answers to Plaintiff's Interrogatories). Plaintiffs indicate that their proposed class consists of more than 12,000 FHA mortgagors located primarily in four states-Washington, California, Oregon, and Nevada. In oral arguments, counsel for Ms. Bjustrom estimated that the proposed subclass would consist of 6,000 to 10,000 mortgagors. These numbers are sufficient to satisfy the numerosity requirement under Rule 23(a)(1).

### Commonality:

Rule 23(a)(2) requires questions of law or fact common to the class. A finding of commonality does not require that every question of law or fact be common to every member of the class; rather, the requirement is met where questions linking the class members are substantially related to the resolution of the litigation even though the individuals are not identically situated. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir.1998). The commonality requirement is satisfied when a party has engaged in a standard course of conduct which adversely affects a group of individuals and gives rise to a claim for relief. Claims arising from interpretation of a form contract can be appropriate for class certification. *See Mortimore v. FDIC,* 197 F.R.D. 432 (W.D.Wash. 2000). "The existence of individual questions concerning proof of damages is not a bar to upholding a class action where common questions as to liability exist." *Newberg,* § 7.23.

In this case, Bjustrom alleges that Trust One engaged in a common course of conduct which breached each class member's standard form mortgage contract. Specifically, Bjustrom alleges that Trust One routinely charged closing fees on FHA mortgage loans in excess of the 1% loan origination fee. Bjustrom contends that by engaging in this practice, Trust One collected fees which exceed the amount authorized by the Secretary

of Housing and Urban Development. According to Bjustrom, this breached ¶ 8 of the standard form contract, which limits the fees charged and collected to those expressly authorized by the HUD Secretary. Bjustrom also challenges this practice on the grounds that it violates RESPA, 12 U.S.C. § 2607.

Bjustrom has satisfied the commonality requirement. Trust One's common business practices in collecting closing fees on FHA mortgage loans affect members of the proposed class in the same way. This case presents common questions of law regarding the legality of charging closing fees on FHA loans in excess of the 1% loan origination fee, and whether Trust One's practices thus violate ¶ 8 of the standard form mortgage contract. As to the subclass, plaintiffs' claims raise the common question of whether charging closing fees in excess of the 1% loan origination fee on FHA loans is unreasonable under RESPA.

**Typicality:**

■ The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *See Newberg,* § 3.13. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon,* 150 F.3d at 1020. This requirement focuses on the similarity of the legal and remedial theories behind the claims of the representative plaintiff and the class members.

Ms. Bjustrom has also satisfied the typicality requirement. Her FHA loan documents and HUD–1 settlement statement reflect the fact that the fees charged, collected, and exchanged by Trust One, including a yield spread premium and a service release premium, exceed the 1% loan origination fee. Robinovitch Decl., Ex. 25. These charges are typical of the proposed class and subclass members.

**Adequacy:**

The final prerequisite for class certification is a finding that the representative party will "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Under this subsection, "the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir.1978).

■ Ms. Bjustrom has also satisfied this requirement. There is no evidence that Ms. Bjustrom has any conflicting interest with unnamed members of the class. Ms. Bjustrom's deposition indicates that she is willing and able to prosecute class claims, and accepts the responsibility of being the class representative. *See* Savage Decl., Ex. 47 (Bjustrom Deposition). The evidence also demonstrates that Keller Rohrback and Zimmerman Reed possess the experience and competence to provide adequate representation to Bjustrom and members of the proposed class and subclass.

**Rule 23(b) Class Actions Maintainable:**

Having concluded that the proposed class has met all of the prerequisites for a class action under Rule 23(a), this Court next considers the types of class actions set forth in Rule 23(b). Plaintiffs seek certification under Rule 23(b)(3), which provides that certification is appropriate if questions of law or fact common to the members of the class predominate over any questions affecting only individuals, and a class action is superior to other available means for the adjudication of the controversy.[1] "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon,* 150 F.3d at 1022 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1778 (2nd ed.1986)). The question

---

1. In a footnote, plaintiffs indicate that certification is also proper under Rule 23(b)(2), as they are seeking injunctive relief prohibiting Trust One from continuing its practice of charging excess closing fees on FHA loans. This Court declines to certify the proposed classes under this subsection, as monetary damages are the primary relief sought by plaintiffs. *See* H. Newberg & A. Conte, *Newberg on Class Actions* §§ 4.11, 4.12, 4.17 (3rd ed.1992).

of whether Ms. Bjustrom has satisfied the requirements of Rule 23(b)(3) presents different issues for the proposed class and the proposed subclass. For this reason, the class and subclass will be considered separately.

## THE PROPOSED CLASS:

■ As noted above, Ms. Bjustrom seeks to certify a class of borrowers who were charged fees exceeding the 1% loan origination fee. Bjustrom points to HUD Regulations, Directives, and other authority to support her assertion that the total fees that a lender and a broker can charge and collect on an FHA loan may not exceed 1% of the principal amount of the loan. Bjustrom argues that this case presents one common question of law: whether a lender may circumvent the FHA 1% fee limitation by paying its brokers extra money and recouping it by inflating the interest rate on the loan. According to Bjustrom, this is the central issue in the litigation, and predominates any questions regarding individuals' transactions.

■ Bjustrom also maintains that the four factors enumerated in Rule 23(b)(3) weigh in favor of certification. According to Bjustrom, individual plaintiffs have little or no interest in controlling the litigation, because each plaintiff has a relatively modest damage claim. Bjustrom suggests that class certification is particularly important because the individual plaintiffs are unlikely to pursue litigation. Bjustrom also insists that a class action is the superior way to resolve this dispute because of the centralized nature of information in Trust One's databases.

The question of whether a lender is authorized to charge more than the 1% loan origination fee on FHA loans is a common legal question that may properly be resolved by class litigation. This common question would predominate over the individual claims of various plaintiffs. Similarly, the fact that different plaintiffs would have been charged different amounts in excess of the 1% loan origination fee does not defeat the value of deciding this common legal question on a class basis. This Court finds that Ms. Bjustrom has satisfied the requirements under Rule 23(b)(3) as to the proposed class.

## THE PROPOSED RESPA SUBCLASS:

■ Bjustrom also seeks to certify a subclass of FHA borrowers whose loans, in addition to being subject to the 1% loan origination fee and a yield spread premium, were subject to payment to the broker of an additional service release premium fee, based solely on the gross loan amount. Bjustrom contends that this subclass presents the common legal question of whether charging a service release premium fee on an FHA loan in addition to the 1% loan origination fee violates § 8 of RESPA. According to Bjustrom, even if Trust One can demonstrate that the service release premiums relate to services provided by the broker, the service release premiums are, by definition, excessive and unreasonable because they are charged in addition to the 1% limit on FHA loans.

As Trust One points out, a majority of courts have declined to certify classes of borrowers alleging RESPA violations on the grounds that the issues presented do not satisfy the predominance requirement of Rule 23(b)(3). *See* Savage Decl. According to these courts, certification would be improper because, in determining whether the fees violated RESPA, courts would be required to examine each broker's services, goods, and facilities: "A detailed examination of the facts of each [loan] transaction cannot be avoided." *Potchin v. Prudential Home Mortgage Co.,* 1999 WL 1814612 (E.D.N.Y. 1999). Under the March 1999 Statement of Policy issued by the Department of Housing and Urban Development ("HUD"), "the threshold question [in determining whether there has been a RESPA violation] is whether there were goods or facilities actually furnished or services actually performed for the total compensation paid to the mortgage broker." RESPA Statement of Policy 1999–1 Regarding Lender Payments to Mortgage Brokers, 64 Fed.Reg. 10,080, 10,085 (March 1, 1999) (to be codified at 24 C.F.R. pt.3500). Most courts interpreting this statement have concluded that answering the question of whether lenders have violated RESPA is no longer susceptible to class-wide determination.

Having reviewed the cases denying motions for class certification in the RESPA context, this Court finds that they are not controlling here. Trust One fails to acknowledge the difference between the plaintiffs' claims in the RESPA cases and the claims of Bjustrom's proposed subclass. Of the cases cited by Trust One, only one involved plaintiffs who had obtained an FHA loan. *See Isara v. Community Lending Inc.*, No. 99–00310SPK (D. HI. filed Jan. 20, 2000). None of the proposed plaintiff classes challenged the closing fees on the grounds that they violated the 1% fee limit on FHA loans. Similarly, none of the plaintiffs argued that charging a yield spread premium or service release premium was, by definition, unreasonable because the aggregate fees charged exceeded the 1% loan origination fee.

In this case, unlike the cases cited by Trust One, questions of law common to plaintiff's proposed subclass predominate over any questions facing individual class members. Specifically, this case presents the common question of whether charging closing fees on an FHA loan in excess of the 1% loan origination fee is, by definition, unreasonable under RESPA. This common question is appropriate for determination on a class-wide basis. Additionally, as was the case with Ms. Bjustrom's proposed class, the factors set forth in Rule 23(b)(3) also weigh in favor of class certification. Therefore, this Court finds that Ms. Bjustrom has satisfied the requirements for certification under Rule 23(b)(3) of the subclass.

*Conclusion:*

This Court finds that this class action is maintainable under Rule 23(b)(3). The Court hereby certifies the following class:

All persons residing in the United States who, dating back the length of the applicable statute of limitations for a breach of contract claim, from the date the Complaint was filed through and including the present:

1. Obtained an FHA mortgage loan funded by Trust One;

2. Written on a standard FHA mortgage contract similar to Plaintiff's in limiting the fees and charges collected to those authorized by the Secretary of HUD;

3. Where the loan was registered with Trust One for funding by a mortgage broker or loan correspondent;

4. Where the aggregate fees charged and collected for originating and processing the loan by way of direct or indirect fees (including, any loan original fee or yield spread premium tied to the interest rate on the loan, however denominated) exceeded 1% of the aggregate loan amount.

This Court also certifies the following subclass:

All persons who, within one year from the date the Complaint was filed through and including the present:

1. Obtained an FHA mortgage loan funded by Trust One;

2. Where the loan was registered with Trust One for funding by a mortgage broker or loan correspondent;

3. Where a yield spread premium, service release premium and/or lender paid broker fee, however denominated, was paid by Trust One to the mortgage broker or loan correspondent;

4. Where aggregate loan origination fees (all fees for loan origination and processing services, however denominated), equal to or exceeding 1% of the loan amount, were also charged.

The Clerk is directed to send copies of this order to all counsel of record.