Lorraine CONNOR, on behalf of herself and all others similarly situated, Plaintiff,

v.

AUTOMATED ACCOUNTS, INC., Defendant.

No. CS–99–0270–EFS.

United States District Court, E.D. Washington.

Aug. 10, 2001.

Michael David Kinkley, Law Office of Michael D. Kinkley, Spokane, WA, O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, for plaintiff.

Stephen Day Phillabaum, Phillabaum, Ledlin, Matthews & Gaffney–Brown, Hugh Terry Lackie, Evans, Craven & Lackie, Spokane, WA, for defendants.

## AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

SHEA, District Judge.

On April 5, 2001, the Court heard oral argument on Plaintiff's Motion for Class Certification, (Ct. Rec. 23). Plaintiff Connor was represented by Michael D. Kinkley. Defendant Automated Accounts, Inc., ("Automated Accounts") was represented by Hugh T. Lackie and Margaret L. Arpin. Pursuant to the Court's April 30, 2001, Order Directing Briefing on Certification of Actual Damages Question, (Ct. Rec. 67), Plaintiff and Defendant each filed supplemental memoranda on the issue of damages, (Ct. Recs. 68, 69). The Court has considered the arguments of counsel, the briefs and the record and now enters this Order memorializing and supplementing the oral rulings it issued on April 5, 2001.

## I. BACKGROUND

This suit arises from Automated Accounts' efforts to collect a debt owed by Ms. Connor. Ms. Connor wrote two checks to Money Tree, Inc. that apparently were returned as uncollected. The checks were written in the amount of $115.00 and $57.50. Automated Accounts took over the collection of the money and, by two collection letters dated October 7, 1998, sought payment of the check amounts plus a total of $61.76 in interest and handling fees. Each letter required payment of the amounts within fifteen days of the letter postmark date to avoid additional mon-

etary penalties. The letters did not contain the thirty day validation notice allegedly required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(a).

On October 5, 1999, Ms. Connor filed the instant class action suit, asserting that Automated Accounts, in failing to include the thirty day validation notice and in requiring payment within fifteen days of the letter postmark date, violated the FDCPA.[1] (Ct. Rec. 1.) Ms. Connor seeks actual and statutory damages, costs and reasonable attorney's fees, a declaratory judgment that Automated Accounts violated the FDCPA, and disgorgement of money Automated Accounts collected as a result of sending letters like the ones sent to Ms. Connor.

The class on whose behalf Ms. Connor brings this suit consists of (i) all persons in Washington (ii) to whom a letter in the form of [either of the letters sent to Ms. Connor] was sent (iii) in an attempt to collect a debt incurred for personal, family, or household purposes, (iv) which was not returned as undelivered by the U.S. Post Office. (Ct. Rec. 1 ¶ 7.1) The class period for the FDCPA claim is the year prior to October 5, 1999, the date the action was filed. (Ct. Rec. 1 ¶ 7.1). Ms. Connor now seeks to certify the class.

## II. CLASS CERTIFICATION

A party moving for class certification must prove that the class satisfies the class action prerequisites and at least one class action ground. *See* Fed.R.Civ.P. 23(a), (b) ("Rule 23(a) and (b)"); *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992). To determine whether the prerequisites of Rule 23(a) are satisfied, a court must engage in a rigorous analysis, *see General Tel. Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), though an extensive evidentiary showing is not required, *see Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir.1975). Sufficient information must exist for the court "to form a reasonable judgment on each requirement." *Id.* In making its determination, the court must accept as true the substantive allegations of the class claim, *see*

*id.* at 901 n .17, and does not examine the merits of the case, *see id.,* at 901.

## A. Class Action Prerequisites

To be certified, a class action must satisfy the prerequisites of typicality, commonality, numerosity, and adequacy of representation. *See* Fed.R.Civ.P. 23(a).

### 1. Typicality

■ The claims of the representative party must be typical of the claims of the class. *See* Fed.R.Civ.P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon,* 976 F.2d at 508 (quoting *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D.Cal.1985)). However, class certification "should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Hanon,* 976 F.2d at 508 (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 903 F.2d 176, 180 (2d Cir.1990)).

By definition, the class action claim is based on conduct that is not unique to Ms. Connor: the class comprises individuals to whom Automated Accounts sent a letter that was in the form of either of the letters it sent to Ms. Connor. The class members have suffered a similar injury by this conduct in that if Automated Accounts violated the FDCPA in sending the letters, each was injured by the violation and is eligible at least for statutory damages. *See* 15 U.S.C. § 1692k. Accordingly, the Rule 23(a) typicality requirement is met.

■ Automated Accounts asserts that Ms. Connor's claims are atypical for several reasons, with the most plausible discussed here. First, Automated Accounts notes that Ms. Connor may have tendered the checks to Money Tree Inc. at a point when she knew there were insufficient funds to cover them.

---

1. Although Ms. Connor also asserted claims under the Washington Collection Agency Act and the Washington State Consumer Protection Act,

she has abandoned these claims, (Reply Mem. Supp. Pl.'s Mot. Class Certification, Ct. Rec. 60, at 2 11. 22–26.)

269

Such potential fraud or conversion allegedly provides Automated Accounts with a unique defense because "[n]o court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act." *Messett v. Cowell,* 194 Wash. 646, 651–56, 79 P.2d 337 (1938), *superseded by statute on other grounds, as stated in City of Olympia v. Palzer,* 107 Wash.2d 225, 728 P.2d 135 (1986). However, courts have held there is no "fraud exception" to the FDCPA, it being irrelevant whether class members might have intended that their checks would be dishonored. *See Keele v. Wexler,* 149 F.3d 589, 595–96 (7th Cir.1998). Accordingly, Automated Accounts can assert no fraud defense, unique or otherwise, to Ms. Connor's claim.

■ Second, Automated Accounts alleges that because Ms. Connor suffered no actual damages she cannot represent class members who did. Class representatives who suffer only statutory damages may represent class members who suffer actual damages. *See Keele,* 149 F.3d at 593, 595 (holding that in receiving debt collection letters that allegedly violated the FDCPA, the class representative and class members suffered the same injury, though their recoverable damages might differ, and that the class representative met the typicality requirement though she sought statutory and actual damages for the class, but herself could recover only statutory damages). It is therefore appropriate for Ms. Connor to seek both statutory and actual damages on behalf of the class members.

### 2. Commonality

■ The prerequisite of commonality requires the existence of at least one question of law or fact common to the class. *See* Fed.R.Civ.P. 23(a)(2); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir.1998). The legal question common to the members of the proposed class is whether Automated Accounts violated the FDCPA by (1) failing to include the thirty day validation notice in its letters, and (2) requiring payment within fifteen days of the letter postmark date. This question satisfies the Rule 23(a) commonality requirement.

### 3. Numerosity

■ The numerosity prerequisite requires the class members to be so numerous that joinder is impracticable. *See* Fed.R.Civ.P. 23(a)(1). "Although mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir.1983).

Automated Accounts admits that from October 5, 1995, through October 5, 1999, it sent 16,105 letters in the form of one of the letters sent to Ms. Connor to persons in Washington state. (Decl. Michael D. Kinkley Regarding Defs.' Admiss., & Defs.' Answers Pls.' First Interrogs. & Req. Produc., Ct. Rec. 29, at 3 Interrog. 2.) As Ms. Connor notes, this is an average of over 4,000 such letters per year. The Court finds that this estimate satisfies the numerosity requirements of Rule 23(a). Even if the 4,000 letters mailed during the time from October 5, 1998, to October 5, 1999, were sent to only 1,000 individuals, joinder would be impracticable.

### 4. Adequacy of Representation

■ The prerequisite of adequacy of representation requires the named plaintiff to fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P. 23(a)(4). That in turn consists of two requirements: (1) that the named plaintiff's counsel is qualified, experienced, and generally able to conduct the proposed litigation, and (2) that the named plaintiff has no interest antagonistic to those of the class. *See Securities & Exch. Comm'n v. Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir.1992).

Ms. Connor's counsel consists of Mr. Kinkley and O. Randolph Bragg. Mr. Kinkley has filed and appeared in a number of FDCPA class action cases in the Eastern District of Washington. Mr. Bragg has co-authored books and articles on the FDCPA, given a number of lectures on consumer law issues, and been involved in over forty consumer cases. The Court finds counsel to be qualified, experienced and able to conduct the proposed class action suit. Further, the

Court is unaware that Ms. Connor has any interest antagonistic to the proposed class members. With the exception of actual damages, Ms. Connor and the class members have identical claims and seek identical relief.

■ Automated Accounts claims that Ms. Connor cannot fairly and adequately represent the class members' interests for several reasons, most notably because of poor memory and health. However, Ms. Connor understands her role as class representative and is willing to participate in at trial. Additionally, individuals with significant health problems have been permitted to serve as class action representatives. *See, e.g., Steiner v. Ideal Basic Indus.*, 127 F.R.D. 192 (D.Colo. 1987) (finding a person who undergoes kidney dialysis every other day and is unable to travel trial to be an adequate class representative). The Court finds the Rule 23(a)(4) requirements have been met.

**B. Rule 23(b)(2) Ground for Class Action**

■ A class action can be certified only if at least one of the grounds set forth in Fed.R.Civ.P. 23(b) exists. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Ms. Connor seeks to certify her class action under Fed.R.Civ.P. 23(b)(2). That subsection provides that an action may be maintained as a class action if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

A suit brought by an individual under the civil liability section of the FDCPA sounds in tort because the relief provided for by the FDCPA is money damages. *See Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir.1982); 15 U.S.C. § 1692k. Equitable relief, such as an injunction, is not available in such actions. *See Sibley*, 677 F.2d at 834. Furthermore, certification under Fed.R.Civ.P. 23(b)(2) is inappropriate where the relief requested is predominately money damages, rather than injunctive or declaratory. *See Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 411 (5th Cir.1998); *Nel-*

*sen v. King County*, 895 F.2d 1248, 1255 (9th Cir.1990).

The relief Ms. Connor requested regarding her FDCPA claim comprises actual and statutory damages, costs and reasonable attorney's fees, a declaratory judgment that Automated Accounts violated the FDCPA, and disgorgement of money Automated Accounts collected as a result of sending letters like the ones sent to Ms. Connor. From this, the Court finds that the relief requested is predominately money damages. Ms. Connor's motion for certification of a class action under Fed.R.Civ.P. 23(b)(2) is DENIED.

**C. Rule 23(b)(3) Ground for Class Action**

■ Ms. Connor also seeks to certify her class action under Fed.R.Civ.P. 23(b)(3). That ground requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The matters to be considered in determining the existence of this ground include

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

**1. Common Questions of Law or Fact**

Questions of law and fact that will arise in the course of litigating the FDCPA claims of the proposed class include (1) whether the letters sent to Ms. Connor violated the FDCPA, (2) whether a letter in the form of either of the letters sent to Ms. Connor was sent to class members, (3) whether the letter was sent in an attempt to collect a debt incurred for personal, family, or household purposes, (4) whether the letter was returned as undelivered by the U.S. Post Office, (5)

whether the letter was sent during the year prior to October 5, 1999, and (6) what damages were incurred.

Where an issue is of central importance to the case and common to all class member claims, it can cause class litigation to be appropriate. *See Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1231-32 (9th Cir. 1996). An issue is central to the case if it is one the resolution of which may dispose of the entire litigation or resolve the issue for subsequent individual trials. *See id.*

The legal question that is of central importance to this case and common to all proposed class member claims is whether the letters Automated Accounts sent to Ms. Connor violated the FDCPA by failing to include a thirty day validation notice and by requiring payment within fifteen days of the letter postmark date. The Court finds that this question sufficiently predominates that it carries all questions, though they concern facts regarding individual class members.

Issues regarding when and whether Automated Accounts sent letters to members of the class, and whether those letters were returned as undeliverable, can be answered by conducting a ministerial review of Automated Accounts' records and do not overwhelm the common central legal question. Similarly, whether the letter was sent in an attempt to collect a debt incurred for personal, family, or household purposes, though more fact intensive, can be determined fairly easily. Automated Accounts' records can be reviewed regarding the origin of the debt it is collecting. In the event an uncollected check is involved, a determination of whether the check was written for consumer or commercial purposes can be made by looking at the face of the check. *See, e.g., Irwin v. Mascott,* 96 F.Supp.2d 968, 972 (N.D.Cal. 1999) (stating that "[a] dishonored check written on a personal checking account is prima facie evidence that the check was written for personal purposes."). The question regarding damages will require an individual factual analysis of each class member's circumstances, unless the class member only seeks statutory damages under the FDCPA, 15 U.S.C. § 1692k. Nonetheless, "the Advisory Committee Notes [to Federal Rule of Civil Procedure 23(b)(3)] expressly state that such needed individual proof of damages will not preclude a finding of predominance." Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 4.26 at 4-90—4-91 (3d ed.1992). Indeed, class actions have been certified under the FDCPA where the plaintiff class seeks actual damages. *See, e.g., Keele,* 149 F.3d 589; *Littledove v. JBC & Assocs., Inc.,* No. CIV S-00-0586WBS GGH, 2001 WL 42199 (E.D.Cal. Jan 11, 2001); *Walton v. Franklin Collection Agency, Inc.,* 190 F.R.D. 404, 412 (N.D.Miss.2000) (certifying a class under the FDCPA, noting that while the amount of damages suffered by each member of the putative class may have to be proven on an individual basis, the fact of injury is common to the class and concluding that "[s]mall differences in the amount of damages suffered by each class member will not preclude certification when the 'fact of injury' is common to all.")

Accordingly, the Court holds that common questions of law predominate such that the following questions may be addressed in the proposed class action:

1. Whether the letters sent to Ms. Connor violated the FDCPA;

2. Whether a letter in the form of either of the letters sent to Ms. Connor was sent to class members;

3. Whether the subject letter was sent in an attempt to collect a debt incurred for personal, family, or household purposes, and not for business purposes;

4. Whether the letter was returned as undelivered by the U.S. Post Office;

5. Whether the letter was sent during the year prior to October 5, 1999; and

6. Questions regarding what damages were incurred.

**2. Superiority of Class Action**

■ To certify a class action under Fed. R.Civ.P. 23(b)(3), the court must find that a class action is superior to other methods of adjudication. *See Valentino,* 97 F.3d at 1235. A class action may be superior if class litigation of common issues will reduce litigation costs and promote greater efficiency, or if no

realistic alternative exists. *See id.* In evaluating superiority of proceeding with a class action, a court must "balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods' of adjudication." *Georgine v. Amchem Prods. Inc.,* 83 F.3d 610, 632 (3d Cir. 1996). "The greater the number of individual issues, the less likely superiority can be established." *Castano,* 84 F.3d at 745 n. 19. At this point, the Court also considers

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

▪▪▪ For the questions that may be considered in the proposed class action, the Court finds that class action is superior to individual litigation. First, the cumbersome nature of individual litigation and the comparatively minimal damages recoverable under the FDCPA[2] make it likely that class members will have little interest in bringing their own action. Further, litigation costs are reduced by having a single attorney or group of attorneys represent the class and by undergoing a single discovery period discovery against the same defendant. Second, the Court is aware of no suits involving these matters that have been brought by or against potential class members. Third, hosting a class action in this forum is appropriate; the class members are "persons in Washington" and Automated Accounts is a Washington corporation. Finally, the difficulties likely to arise in managing this case as a class action consist of determining the class member's identities, resolving the ministerial questions, and ascertaining the class members' actual damages. These difficulties are likely to be manageable. Class member identities and resolution of ministerial questions can be re-

solved by referring to Automated Accounts' records. Determination of actual damages arising from Automated Accounts' failure to include the thirty day validation notice will likely be narrowed by verifying that the debt Automated Accounts sought to collect was the actual debt that was owed.

### 3. Conclusion

Ms. Connor's motion for certification of a class action under Fed.R.Civ.P. 23(b)(3) is GRANTED with respect to the following questions:

1. Whether the letters sent to Ms. Connor violated the FDCPA;

2. Whether a letter in the form of either of the letters sent to Ms. Connor was sent to class members;

3. Whether the subject letter was sent in an attempt to collect a debt incurred for personal, family, or household purposes, and not for business purposes;

4. Whether the letter was returned as undelivered by the U.S. Post Office;

5. Whether the letter was sent during the year prior to October 5, 1999; and

6. Questions regarding what damages were incurred.

Accordingly, for the reasons set forth herein and on the record,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Class Certification, (**Ct. Rec. 23**), is **GRANTED**.

No later than **August 17, 2001**, Plaintiff shall file with the Court a proposed notice and distribution plan that provides to the class members the best notice practicable under the circumstances. The notice and plan shall comply with the requirements of Fed.R.Civ.P. 23(c)(2).

Defendants shall file a response to the proposed notice and distribution plan no later than **August 31, 2001**. Plaintiff shall file any reply no later than **September 11, 2001.**

---

**2.** In a suit brought by an individual, the FDCPA permits recovery of actual damages, discretion-

ary damages up to $1,000, and costs and attorney's fees. *See* 15 U.S.C. § 1692k.

Following Court approval, Plaintiff shall distribute the notice to the class members in accordance with the distribution plan.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.