The Clerk is directed to send copies of this order to all counsel of record.

Michelle HANSEN, et al., personally and on behalf of all others similarly situated, Plaintiffs,

v.

TICKET TRACK, INC., a corporation, Defendant.

No. CV02–1032P.

United States District Court, W.D. Washington.

Feb. 25, 2003.

Harish Bharti, Mark Adam Griffin, Keller Rohrback, Steve W. Berman, Tyler Weaver,

Hagens Berman LLP, Lynn Lincoln Sarko, Alexander Perkins, Keller Rohrback, Seattle, WA, for plaintiffs.

Patrick S. Brady, Michael P Hooks, Forsberg & Umlauf, Seattle, WA, for defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND GRANTING DEFENDANT'S MOTION TO STRIKE

PECHMAN, District Judge.

This matter comes before the Court on Plaintiffs' Motion for class certification pursuant to Fed.R.Civ.P. 23. (Dkt. No. 45) Defendant Ticket Track, Inc. moves to strike portions of Plaintiffs' Reply under CR 7(g). (Dkt. No. 61) This case concerns people who park and fail to pay the parking fee, and Ticket Track's attempt to collect the fee plus an additional charge. Plaintiffs seek to certify a putative class of individuals who have received a letter from Ticket Track attempting to collect a fee greater than the underlying parking fee.

The Court, having received and reviewed all papers and pleadings, makes the following ruling: Plaintiffs' Motion for class certification is GRANTED. Defendant's Motion to strike portions of the Plaintiffs' Reply is GRANTED.

## BACKGROUND

In bringing this Motion for class certification, Plaintiffs make the following factual allegations. Defendant Ticket Track acts as a collection agency for parking lot owners. There are some people who park in the unmanned parking lots and fail to pay the required fee. The parking lot owners initially attempt to collect the debt. If they are unsuccessful, the debt is assigned to Ticket Track, who bills the debtor a lump sum amount that includes a collection fee. Ticket Track and the parking lot owners have written agreements under which the lot owners are required to charge a collection fee prior to referring the debt to Ticket Track. Ticket Track is compensated through the assessment of the fee added onto the underlying

debt owed by the customer to the parking lot owner.

Plaintiffs assert that this business practice is illegal under the Washington Collection Agencies Act, RCW § 19.16.100 et seq. ("WCAA"), the Washington Consumer Protection Act, RCW § § 19.86.010–19.86.920 ("WCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). RICO claims are also alleged. The FDCPA protects consumers who have incurred debt for personal, family, or household purposes against abusive debt collection practices. The WCAA prohibits collecting collection fees on obligations incurred primarily for personal, family, or household purposes, unless such fees are expressly authorized by statute. RCW § § 19.16.250(18), 19.16.100(12). Plaintiffs wish to form a class of Plaintiffs who were charged the fee, as prohibited by the FDCPA and WCAA.

The proposed class is defined as follows:

> All persons with addresses in the State of Washington on whose claims the statute of limitations has not run who were sent, or will be sent during the pendency of this action, a letter from defendant Ticket Track demanding payment of an obligation incurred for personal, family, or household purposes relating to an unpaid parking ticket, which was not returned as undelivered by the Post Office, where the amount demanded exceeds the amount of the originally assessed parking ticket.

Plaintiff Michelle Hansen originally filed this action on May 8, 2002, on behalf of a Washington statewide class. She then filed a Motion to amend in October 2002, to add three additional named Plaintiffs.

Ticket Track opposes class certification on three grounds. First, Ticket Track alleges that Plaintiffs have not satisfied their burden under Rule 23(a) of showing typicality because none of the Plaintiffs is able to establish that he or she parked for personal purposes. Second, Ticket Track maintains that Plaintiffs cannot satisfy their burden under Rule 23(b)(2) because Plaintiffs seek primarily monetary damages rather than injunctive relief. Finally, Ticket Track contends that Plaintiffs have not carried their burden under Rule 23(b)(3) because individual questions of fact regarding whether the Plaintiffs parked for personal versus business purposes predominate over common questions.

## ANALYSIS

### I. *Class Certification*

To certify the class under Rule 23(a), Plaintiffs must prove that: (1) the class is so numerous that joinder is impracticable; (2) there are common questions of law or fact to the class; (3) the claims or defenses of representative parties are typical of those of the class; and (4) the representatives will fairly and adequately protect the class' interests. Fed.R.Civ.P. 23(a); *see Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996); *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir.1996). Plaintiffs must also prove the class action is maintainable under Rule 23(b). Fed.R.Civ.P. 23(b).

### A. *Numerosity*

■ The class must be so numerous that joinder would be impracticable. Plaintiffs define the class as residents of Washington who received demands for payment from Ticket Track where the amount exceeded the amount originally assessed in the underlying parking charge. Plaintiffs allege that in the past four years alone, Ticket Track has mailed more than 350,000 collection letters and approximately 100,000 individuals have paid these claims. Ticket Track concedes that it sends thousands of collections letters, but disputes that it adds any fee. Plaintiffs estimate that the class consists of tens of thousands, if not more, of possible class members.

Joinder of thousands of class members would be impracticable. Numerosity is satisfied.

### B. *Commonality*

■ There must be common questions of law or fact; however, not *all* questions of law or fact need to be common. Fed.R.Civ.P. 23; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). The presence of shared legal issues with different factual predicates suffices to satisfy commonality. *Id.* Plaintiff

alleges that a common core of operative facts exists and that Ticket Track has engaged in a standard course of conduct toward members of the proposed class.

All potential class members were sent a letter by Ticket Track seeking to collect more than the underlying parking charge. Plaintiffs allege this conduct raises several common issues, including: (1) whether Ticket Track is a debt collector; (2) whether Ticket Track is a collection agency; (3) whether the additional posted violation fee is a collection fee; and (4) whether this conduct is illegal.

All claims stem from the same alleged conduct by Ticket Track. Therefore, common questions of law and fact exist with regard to possible class members. Commonality is satisfied.

### C. Typicality

■ The claims of the representative plaintiffs must be typical of the class claims. Fed.R.Civ.P. 23(a)(3). Representative claims need not be substantially identical; they are typical if they are reasonably co-extensive with those of the absent class members. *Hanlon,* 150 F.3d at 1020. The test of typicality is whether (1) other members have the same or similar injury, (2) the action is based on conduct which is not unique to the named plaintiffs, and (3) other class members have been injured by the same course of conduct. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992).

The representative parties include Michelle Hansen, Robert Boustedt, Pete Mangouras, and Kim Kuhry. Plaintiffs are all residents of Washington and claim to have received one or more letters at different times from Ticket Track demanding collection fees allegedly in violation of federal and state statutes. They have each, in at least one instance, paid these fees. Apparently, tens of thousands of Washington residents have received such letters. Typicality seems to be satisfied; however, Ticket Track's assertion that typicality is not met must be addressed.

Ticket Track asserts that typicality has not been met because some of the class members incurred obligations for business or other purposes rather than "personal, family, or household purposes." First and foremost, Ticket Track argues that Mr. Boustedt parked and incurred the expense of the parking charge for business purposes (while on a sales call). Therefore, he cannot be a member of the class. A person not a member of a class cannot be typical of that class. Next, Ticket Track points out that neither Ms. Hansen nor Ms. Kuhry can remember why they parked in a pay lot on the relevant dates. Therefore, Ticket Track argues that it is unclear whether those two named Plaintiffs could be members of the class; hence, they are not "typical" of the class.

It may well be that Mr. Boustedt does not fit the class definition. In addition, it remains to be seen whether either Ms. Hansen or Ms. Kuhry will fit the class definition. These are factual inquiries that will have to be resolved at a later date. However, the necessity of making that inquiry is not fatal to granting class certification now. Mr. Mangouras parked for personal purposes. A class need only have one "typical" representative, and Mr. Mangouras is that representative. *Casey v. Lewis,* 4 F.3d 1516, 1519 (9th Cir.1993) ("At least one named plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class.")

The claim of at least one of the representatives seems to be typical of the claims of putative class members as described in the class definition. Typicality is satisfied.

### D. Adequacy of representation

■ The representative parties must fairly and adequately protect the interests of the class. Absent class members must be afforded adequate representation before any binding judgment is entered. *Hanlon,* 150 F.3d at 1020; *see Hansberry v. Lee,* 311 U.S. 32, 42–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940). Legal adequacy is satisfied if: (1) if there are no antagonistic or conflicting interests between the named plaintiffs and their counsel, and the absent class members; and (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. *Hanlon,* 150 F.3d at 1020; *see Lerwill*

*v. Inflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir.1978).

Plaintiffs assert that the named Plaintiffs' interests are identical to the absent members' claims and are therefore coextensive. As all Plaintiffs seek the same remedy and determination of liability with Ticket Track, Plaintiffs argue there are no antagonistic or conflicting interests. Plaintiffs are represented by Keller Rohrback and Harish Bharti. The Keller Rohrback firm is experienced in class action litigation and management. Plaintiffs state that they are prepared to fully litigate the matter on behalf of all members.

The named Plaintiffs have the same interests as the absent class members and have secured experienced, competent representation. Plaintiffs are prepared to vigorously litigate the matter. The requirement of adequacy of representation is met.

This Court finds that the requirements under Rule 23(a) have been satisfied.

### E. *Rule 23(b)*

In addition to meeting the requirements for Rule 23(a), the class action must also be maintainable by meeting one of the three conditions under Rule 23(b). Actions are maintainable as class actions when: (1) the prosecution of individual actions would lead to inconsistent results or fail to protect all members' interests; (2) the defendant has acted or refused to act on grounds generally applicable to the class, making class remedy appropriate; or (3) the Court finds that common questions of law or fact predominate over questions affecting individual members and class action is superior to other methods for fair and efficient adjudication. Fed. R.Civ.P. 23(b).

Plaintiffs claim the action is maintainable under Rule 23(b)(2) and (3). Ticket Track argues that Plaintiffs cannot satisfy their burden under Rule 23(b)(2), and have not carried their burden under Rule 23(b)(3).

### *Rule 23(b)(2)*

■ Plaintiffs argue that the action is proper under Rule 23(b)(2), as Ticket Track has acted or refused to act on grounds generally applicable to the class, making final injunctive relief or declaratory relief appropriate for the class as a whole.

Ticket Track asserts that certification under this rule is not possible because Plaintiffs seek "primarily damages" over injunctive relief. While it is true that Plaintiffs seek both damages and injunctive relief, this does not bar certification. *Mortimore v. FDIC,* 197 F.R.D. 432, 438 (W.D.Wash.2000) (certifying class where plaintiff sought both injunctive relief and monetary damages because it was clear that the defendants allegedly acted or refused to act on grounds generally applicable to the class.); *Ballard v. Equifax,* 186 F.R.D. 589, 596 (E.D.Cal.1999).

Because of the uniformity of Ticket Track's actions in regard to all class members in issuing letters demanding a higher amount than the underlying parking charge, final injunctive relief or declaratory relief is appropriate for the class. The class action is maintainable under Rule 23(b)(2).

### *Rule 23(b)(3)*

Additionally, Plaintiffs assert this action is proper under Rule 23(b)(3) because (1) common questions of law or fact predominate, and (2) the interests of the parties can be best served by litigation in a single action (i.e., there is no superior method of adjudicating the claims).

■ **(1) Common questions predominate.** The issue of whether extra fees were collected or attempted to be collected appears to be uniformly common to the class. This is not a case, as Ticket Track claims, where "each class member has to litigate numerous and substantial issues to establish his or her right to recover individually." *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1192 (9th Cir.2001). Specifically, under the FDCPA courts have found that determining whether an obligation was incurred for personal or business purposes is not, alone, a reason to preclude certification. *Wilborn v. Dun & Bradstreet,* 180 F.R.D. 347, 357 (N.D.Ill.1998). In *Wilborn,* the court recognized that under the FDCPA the need to show whether or not the transaction was personal or business is inherent to the action, and is therefore not a reason by itself to deny certification. *Id.* at 357. Therefore,

this Court finds that the personal/business determination does not bar certification in this case and that common questions predominate.

■ **(2) A class action is fair and would efficiently adjudicate this matter.** Litigating the potential thousands of claims is manageable. As stated in *Connor*, "the cumbersome nature of individual litigation and the comparatively minimal damages recoverable under the FDCPA make it likely that class members will have little interest in bringing their own action." *Connor v. Automated Accounts*, 202 F.R.D. 265, 272 (E.D.Wash. 2001). That is precisely the situation here.

Ticket Track asserts that Plaintiffs have failed to provide the court with a manageable trial plan. However, Plaintiffs have suggested methods of making the personal/business determination, and how to calculate damages (amount paid less the underlying parking charge). "The need for individual damages calculations does not diminish the appropriateness of class action certification where common questions as to liability predominate." *Mortimore v. FDIC*, 197 F.R.D. 432, 438 (W.D.Wash.2000).

This Court finds that the Plaintiffs have satisfied both subsections (b)(2) and (b)(3); accordingly, this action is maintainable under Rule 23. Therefore, this Court GRANTS Plaintiffs' Motion to certify this class under Rule 23.

II. *Motion to strike portions of Plaintiffs' Reply*

Ticket Track moves to strike portions of Plaintiffs' Reply where a deposition was referenced, but no transcript excerpts were attached in support. Additionally, Ticket Track moves to strike portions of Alexander Perkins' Declaration to the extent it discusses counsels' efforts to agree on scheduling issues. Ticket Track also moves to strike paragraph 20 of Mr. Perkins' Declaration regarding Ticket Track's responses to discovery.

The Court has not taken any of these particular pieces of information into consideration in ruling on Plaintiffs' Motion to certify the class, and therefore GRANTS Defendant's Motion to strike.

## CONCLUSION

Plaintiffs have satisfied the requirements for class certification under Rule 23(a). Joinder of all Plaintiffs would be impracticable, there are common questions of law and fact, the claims of at least one of the representative Plaintiffs are typical of the claims of the absent members, and Plaintiffs are prepared to adequately and vigorously protect the interests of all class members. Further, the action is maintainable under Rule 23(b)(2) and (b)(3), as Ticket Track has acted uniformly toward all class members and a class action suit is the most fair and efficient adjudication of this matter.

This Court GRANTS Plaintiffs' Motion to certify the following class:

All persons with addresses in the State of Washington on whose claims the statute of limitations has not run who were sent, or will be sent during the pendency of this action, a letter from defendant Ticket Track demanding payment of an obligation incurred for personal, family, or household purposes relating to an unpaid parking ticket, which was not returned as undelivered by the Post Office, where the amount demanded exceeds the amount of the originally assessed parking ticket.

This Court GRANTS Defendant's Motion to strike.

The clerk is directed to provide copies of this order to all counsel of record.